IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

PRESTON JEROME TAYLOR,       \*
                           \*
    Plaintiff,          \*
                           \*
vs.                    \* CIVIL ACTION NO. 21-00342-TFM-B
                           \*
OFFICER CROWE, *et al.*,    \*
                           \*
    Defendants.        \*

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Preston Jerome Taylor, a Mobile County Metro Jail inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 and a motion to proceed without prepayment of fees.  (Docs. 1, 2). This action has been referred to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  (Doc. 3).  Because Taylor is seeking to proceed *in forma pauperis*, the undersigned has conducted an initial review of his complaint pursuant to 28 U.S.C. § 1915(e)(2).[1]  After careful review, it is recommended that

---

[1] Section 1915(e)(2) provides:

    (2)  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—

        (A) the allegation of poverty is untrue; or

        (B) the action or appeal—

this action be transferred to the United States District Court for the Southern District of Texas.

Taylor's complaint lists as Defendants Officers Crowe and Cox of the Houston (Texas) Police Department, as well as "The State of Texas/Harris County Jail." (Doc. 1 at 6). Taylor alleges that on November 15, 2017, his "first night back in Houston after being extradited and served unrelated time in another state[,]" Officers Crowe and Cox stopped him "using the pretense of an investigation that didn't exist." (Id. at 4). Taylor states that Officers Crowe and Cox "reached for their weapons and attempted an illegal detention under false pretenses which caused [Taylor] to fear for [his] life." (Id. at 4-5). Taylor alleges that "[d]uring the traffic stop [he] fled from their attempts at an illegal detention." (Id. at 4). However, Taylor was apparently apprehended and was "incarcerated in Harris County Jail in Houston[,] Texas on this charge." (Id. at 5). Although Taylor's case was ultimately dismissed on December 15, 2020, Taylor asserts that his detention in Harris County Jail amounted to false

---

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

2

imprisonment, and he alleges that he suffered resulting damages,
including lost wages, the loss of his vehicle, the fact that his
eldest daughter passed away during his detention, and "other
sufferings."   (Id.).   Taylor's claims against the three named
Defendants include "Wrongful Arrest," "False imprisonment,"
"Harrassment" [sic], "Prejudice," and "Pain and Suffering."   (Id.
at 6-7).   For relief, Taylor seeks "[f]inancial comp[e]nsation."
(Id. at 8).

> A § 1983 action may be brought in:
>
> (1) a judicial district in which any defendant resides,
> if all defendants are residents of the State in which
> the district is located;
>
> (2) a judicial district in which a substantial part of
> the events or omissions giving rise to the claim
> occurred, or a substantial part of property that is the
> subject of the action is situated; or
>
> (3) if there is no district in which an action may
> otherwise be brought as provided in this section, any
> judicial district in which any defendant is subject to
> the court's personal jurisdiction with respect to such
> action.

28 U.S.C. § 1391(b); see New Alliance Party of Ala. v. Hand, 933
F.2d 1568, 1570 (11th Cir. 1991) (per curiam) (applying § 1391(b)'s
venue provisions to a § 1983 action).

When venue is not proper in the district of filing, a district
court must dismiss, or if it is in the interest of justice,
transfer the action to any district in which it could have been
brought.   28 U.S.C. § 1406(a); see Kapordelis v. Danzig, 387 F.

App'x 905, 906-07 (11th Cir. 2010) (per curiam) (affirming *sua sponte* transfer, pursuant to § 1406(a), of a <u>Bivens</u> action from New York to Georgia), <u>cert. denied</u>, 562 U.S. 1250 (2011).  The interests of justice generally favor transferring a case to the appropriate judicial district rather than dismissing it. <u>Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc.</u>, 669 F. Supp. 2d 1353, 1359 (S.D. Fla. 2009).

As noted, Taylor contends that he was wrongfully stopped and arrested by Houston (Texas) police officers and falsely imprisoned in the Harris County (Texas) Jail.  Taylor lists "Harris County Jail (Houston, Texas)" as the place or institution where the action complained of occurred.  (Doc. 1 at 4).  Taylor names two Houston police officers and "The State of Texas/Harris County Jail" as Defendants, and he provides a Houston, Texas address for each Defendant.  The Court takes judicial notice of the fact that Houston and the Harris County Jail are both located in Harris County, Texas, which lies within the Houston Division of the Southern District of Texas.  Although Taylor is presently incarcerated in Mobile, Alabama, Taylor's § 1983 action appears to have no connection to this district.  None of the Defendants reside in this district, and none of the events or omissions giving rise to Taylor's claims occurred in this district.  Instead, it is readily apparent that, pursuant to 28 U.S.C. § 1391(b), the proper

venue for this action is the Houston Division of the Southern District of Texas.

Considering Taylor's *pro se* status, it is **RECOMMENDED**, in the interest of justice, that this action be **TRANSFERRED** to the Houston Division of the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C. § 1406(a).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **4th** day of **August, 2021.**

                                    /s/ SONJA F. BIVINS
                         **UNITED STATES MAGISTRATE JUDGE**